http://www.va.gov/vetapp16/Files3/1626423.txt

Citation Nr: 1626423 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 14-09 240 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California

THE ISSUES

1. Entitlement to service connection for reflex sympathetic dystrophy syndrome, right upper extremity.

2. Entitlement to service connection for reflex sympathetic dystrophy syndrome, left upper extremity.

3. Entitlement to service connection for reflex sympathetic dystrophy syndrome, right lower extremity.

4. Entitlement to service connection for reflex sympathetic dystrophy syndrome, left lower extremity.

REPRESENTATION

Appellant represented by: California Department of Veterans Affairs

ATTORNEY FOR THE BOARD

K. Fitch, Counsel

INTRODUCTION

The Veteran served on active duty from July 1967 to November 1968. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California.

In October 2015, this matter was remanded for additional development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In statements dated in December 2011, June 2013, and July 2014, the Veteran and his spouse reported that, just prior to discharge from the service, the Veteran was assaulted by other service members at which time he fell and badly bruised his knees in the process. A couple of days afterward the Veteran reported getting nerve reactions in his left leg. The Veteran reported that he went to several doctors who indicated that he had a nerve problem and recommended seeing a chiropractor, thinking it was a pinched nerve. The Veteran reported that he had surgery on his left knee in March 1999 that exacerbated his reflex sympathetic dystrophy syndrome, which then subsequently developed in his right leg and the both upper extremities. The Veteran's spouse related that she has known the Veteran since approximately 1975 and that he had always had a mild problem with his legs jumping and jerking on their own, most noticeably when at rest. She stated that the Veteran told her that this started after a conflagration in service between sailors of different ships, and from then on his legs gave him trouble.

Attempts to obtain earlier treatment records have been unsuccessful. The Veteran has a current diagnosis of reflex sympathetic dystrophy syndrome of the extremities, but has not been afforded a VA examination in order to determine if this condition had its onset in service. As such, this matter should be remanded to afford the Veteran an examination in connection with his claims. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). VA's duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159; see also McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) (noting that the third prong of 38 C.F.R. § 3.159(c)(4)(I), which requires that the evidence of record 'indicate' that the claimed disability or symptoms may be associated with service, establishes a low threshold); see also Locklear v. Nicholson, 20 Vet. App. 410 (2006).
 
Upon remand, the Veteran should be afforded an opportunity to submit any relevant evidence in connection with the claims. Updated VA treatment records should also be obtained. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Pursuant to the VCAA, VA must obtain outstanding VA and private records. See 38 U.S.C.A. § 5103A(b-c); 38 C.F.R. § 3.159(c).

Accordingly, the case is REMANDED for the following action:

1. Take appropriate steps to contact the Veteran and request that he identify all VA and non-VA health care providers, other than those already associated with the Veteran's claims file, that have treated him since service for his claimed disabilities. This should specifically include updated VA treatment records. 

The aid of the Veteran in securing these records, to include providing necessary authorization(s), should be enlisted, as needed. If any requested records are not available, or if the search for any such records otherwise yields negative results, that fact should clearly be documented in the claims file, and the Veteran should be informed in writing. The Veteran may submit medical records directly to VA.

2. Arrange for an appropriate VA examination for the purpose of determining whether the Veteran's reflex sympathetic dystrophy syndrome of the bilateral upper and lower extremities had onset in or as a result of military service. The claims file must be made available to and reviewed by the examiner in conjunction with the examination. All pertinent symptomatology and findings must be reported in detail. Any indicated diagnostic tests and studies must be accomplished. Based on his/her review of the case, the examiner is specifically requested to offer an opinion as to: 

Does the Veteran have reflex sympathetic dystrophy syndrome of the bilateral upper and lower extremities? If so, did such disorders have their onset during active duty, within one year of active duty, or are these conditions otherwise related to the Veteran's military service? In this regard, the examiner is asked to comment on the Veteran's service and post-service medical treatment records. The examiner is also asked to comment on statements by the Veteran and his spouse noting symptoms of the legs jumping and jerking on their own after an altercation in service and since that time. 
The rationale for any opinion offered should be provided. If the examiner finds that he or she cannot provide a nexus opinion without resorting to speculation, the examiner must explain why he or she is unable to provide an opinion without speculation, and sufficiently explain the reasons for that inability.

3. After undertaking any additional development deemed appropriate in addition to that requested above, re-adjudicate the issues remaining on appeal. If any benefit sought on appeal remains denied, provide the Veteran and his representative a supplemental statement of the case.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).